UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION
1:18-cv-49-FDW

| | |
|---|---|
| JOHNNY LEE PARKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| SOUTHERN HEALTH PARTNERS, ) | ORDER |
| NURSE TERRY LNU, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e) and § 1915A, (Doc. No. 1). On April 5, 2018, the Court entered an order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. (Doc. No. 7). Thus, Plaintiff is proceeding in forma pauperis.

**I.     BACKGROUND**

Pro se Plaintiff Johnny Lee Parker is a pre-trial detainee currently incarcerated at the Cleveland County Detention Center in Shelby, North Carolina. Plaintiff filed this action on February 28, 2018, pursuant to 42 U.S.C. § 1983, naming the following as Defendants: (1) Southern Health Partners, and (2) Nurse Terry LNU, identified as an employee of Southern Health Partners. Plaintiff purports to bring a claim against Defendants for deliberate indifference to serious medical needs based on his allegations that Defendant Terry LNU failed to give him his medication on two separate occasions. Specifically, Plaintiff alleges the following:

> On the morning of January 15, 2018, Nurse Terry didn't stop at my room to give me my meds, so I had officer Mrs. McGraw to check with Nurse Terry to see why he didn't give me my meds. Nurse Terry stated that because I was asleep. Officer Mrs.

1

McGraw ask Nurse Terry to see me or give me my meds. Nurse Terry stated that he wasn't going to see me not give me my meds. Also on or about January 18, 2018, Officer Mrs. McGraw ask Nurse Terry at my door was he going to stop and give me my meds. Nurse Terry replied I don't have anything for him. Also Officer McGraw asked Nurse Terry to give me one of my inhalers that I use for breathing. Nurse Terry stated that I had no record of using an inhaler, I have two inhalers here. So there was two days I went without my morning meds, I have two types of cancer, one lung cancer and one colon cancer and much, much more that I take meds for.
.

(Doc. No. 1 at 12). As to his injuries, Plaintiff states that he "couldn't breathe, losing balance, [fell] from the bed, hurted my shoulder on the floor." (Id. at 5). As relief, Plaintiff seeks punitive damages and to have Defendant Terry LNU "fired." (Id.).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## III. DISCUSSION

To state a claim for deliberate indifference, an inmate must establish two requirements: (1) a sufficiently serious deprivation occurred, resulting "in the denial of the minimal civilized

2

measure of life's necessities," and (2) the prison official had a sufficiently culpable state of mind. Farmer v. Brennan, 511 U.S. 825, 834 (1994) (internal quotation marks omitted). In the medical context, an inmate "must demonstrate that the officers acted with 'deliberate indifference' (subjective) to the inmate's 'serious medical needs' (objective)." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).

With regard to the objective prong, a "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko, 535 F.3d at 241 (quoting Henderson v. Sheahan, 196 F.3d 839, 846 (7th Cir.1999)). With regard to the subjective prong, a prison official is deliberately indifferent if he has actual knowledge of and disregards "the risk posed by the serious medical needs of the inmate." Iko, 535 F.3d at 241 (citing Farmer, 511 U.S. at 837); see also Makdessi v. Fields, No. 13-7606, 2015 WL 1062747, at *9 (4th Cir. Mar. 12, 2015) (holding that the subjective prong "may be proven by circumstantial evidence that a risk was so obvious that it had to have been known"). To be liable under this standard, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

Furthermore, not "every claim by a prisoner [alleging] that he has not received adequate medical treatment states a violation of the Eighth Amendment." Estelle, 429 U.S. at 105. To establish deliberate indifference, the treatment "must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990), overruled in part on other grounds by Farmer, 511 U.S. at 837. Mere negligence, malpractice, or incorrect diagnosis is not actionable under 42 U.S.C. § 1983. See Estelle, 429 U.S. at 106. Moreover, while the Constitution requires a prison

3

to provide inmates with medical care, a prisoner is not entitled to receive the treatment of his choice. Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988). A prisoner's difference of opinion over matters of expert medical judgment or a course of medical treatment do not rise to the level of a constitutional violation. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

Here, Plaintiff's allegations—that Defendant Nurse Terry failed to bring him his medication (and an inhaler) on two occasions—do not rise to the level of deliberate indifference sufficient to violate the Eighth Amendment. Although an intentional delay in medical treatment can give rise to a constitutional violation, Estelle v. Gamble, 429 U.S. at 104-05, Plaintiff's allegations fail to show that Defendant Nurse Terry LNU knew that Plaintiff faced a substantial risk of harm and intentionally ignored that risk. At most, Plaintiff alleges that Defendant acted negligently in delaying medical treatment to Plaintiff. Accord Gutierrez v. Peters, 111 F.3d 1364, 1374 (7th Cir. 1997) (affirming judgment on the pleadings where the prisoner waited six days to see a doctor for an infected cyst). Moreover, and significantly, Plaintiff provides no facts to show that the alleged delay in medical treatment caused substantial harm. See Webb v. Hamidullah, 281 F. App'x 159, 166 (4th Cir. 2008) ("An Eighth Amendment violation only occurs . . . if the delay results in some substantial harm to the patient."). In sum, the Complaint fails to state a cognizable claim of deliberate indifference to Plaintiff's medical needs in violation of the Eighth Amendment. Accord Fields v. Southern Health Partners, No. 0:15-624-MGL, 2015 WL 2095781, at *4 (D.S.C. May 5, 2015) (finding no Eighth Amendment violation where the plaintiff did not allege facts showing that a nine-hour delay in treatment caused him substantial harm). As to any claim that Plaintiff may have for medical negligence under state law, the Court declines to exercise supplemental jurisdiction over the medical negligence claim. See 28 U.S.C. § 1367.

## IV. CONCLUSION

For the reasons stated herein, the Court finds that Plaintiff fails to state a claim for deliberate indifference to serious medical needs and this action will therefore be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. This action is dismissed without prejudice for failure to state a claim under 28 U.S.C. § 1915(e).

2. The Clerk is directed to terminate this action.

Signed: August 2, 2018

Frank D. Whitney
Chief United States District Judge